IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL B. WILLIAMS, | ) | No. C 07-2557 MMC |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL;** |
| v. | ) ) | **GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING** |
| ROBERT WAGGENER, et al., | ) ) | **MOTION FOR APPOINTMENT OF COUNSEL** |
| Defendants. | ) ) | |
| _____ | ) | (Docket Nos. 2 & 5) |

On May 15, 2006, plaintiff, a "sexually violent predator" under a civil commitment to Atascadero State Hospital for renewable periods under California's Sexually Violent Predator Act, Cal. Welf. & Inst. Code § 6600 ("SVPA"), and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that in 1991, in San Francisco County Superior Court, he was convicted of rape and sentenced to a term of 19 years in state prison. He seeks money damages from his defense attorney, the victim alleged in the underlying prosecution, and prosecutors and other employees of the San Francisco District Attorney's Office, as well as from the City and County of San Francisco. He has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. §

1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff alleges that his attorney was negligent and ineffective in defending him, that his prosecution was wrongful and malicious, that his conviction was based on false evidence, and that all the defendants conspired to convict him of a crime he did not commit. He alleges that these actions led to his conviction and subsequent incarceration, which in turn led to his present detention under the SVPA. He claims that defendants violated his federal constitutional rights, as well as state law.

## DISCUSSION

In order to recover damages based on an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487. If proven, plaintiff's claims, specifically, that his counsel was negligent and ineffective, that his conviction was based on false evidence, that the prosecution was wrongful and malicious, and that defendants conspired to convict him of a crime he did not commit, would call into the question the validity of his conviction, his sentence, and his present detention under the SVPA. Accordingly, plaintiff's claims are barred until such time as plaintiff's conviction and sentence have been reversed, expunged, set aside or otherwise called into question.

Plaintiff argues that Heck does not bar his claims, on the ground that federal habeas relief is not available to challenge his 1991 conviction. Plaintiff states he no longer is serving his sentence on his 1991 conviction, and that his federal habeas petition challenging said conviction, filed in 2003, was dismissed as untimely under 28 U.S.C. § 2244(d). See Williams v. Mayberg, No. C 03-5147 MMC (PR) (N.D. Cal. Nov. 8, 2004). With respect to Supreme Court jurisprudence, although a question has been raised as whether there "may" be

exceptions to Heck's bar where federal habeas relief no longer is available to the plaintiff, that question has not been "settle[d]." See Muhammad v. Close, 540 U.S. 749, 752 n.4 (2004) (citing Spencer, 523 U.S. at 21-22 (Ginsburg, J., concurring) and Heck, 512 U.S. at 491 (Souter, J., concurring in judgment)) (per curiam). Moreover, the Ninth Circuit has held that "[t]he fact that [a § 1983 plaintiff] is no longer in custody and thus cannot overturn his prior convictions by means of habeas corpus does not lift Heck's bar." Guerrero v. Gates, 442 F.3d 697, 704 (9th Cir. 2006). Thus, the fact that plaintiff has completed his sentence and can no longer overturn his 1991 conviction by means of a federal habeas petition does not serve to lift the bar imposed by Heck. Further, plaintiff cites no authority, and this Court is aware of none, to the effect that the bar does not apply where a plaintiff's prior federal habeas petition was dismissed as untimely.

Although the Ninth Circuit has found an exception to the Heck bar where a federal habeas petition would be moot, see Nonnette v. Small, 316 F.3d 872, 876 (9th Cir. 2002), a federal habeas petition challenging petitioner's 1991 conviction would not be moot. In Nonnette, the plaintiff brought a § 1983 action implicating prison disciplinary procedures that had resulted in a loss of good time credits; the Court of Appeals found that any habeas challenge to such discipline would be moot because the plaintiff no longer was in custody and the discipline had no collateral consequences that continued following his release from custody. Id. at 875-76. A federal habeas petition challenging a state court conviction, however, is not mooted by the completion of the sentence because there are collateral consequences of the conviction that continue to affect the petitioner even after his sentence expires.[1] Spencer v. Kemna, 523 U.S. 1, 14-16 (1998). As a federal habeas petition challenging petitioner's 1991 conviction would not be moot by virtue of his completion of his sentence on such conviction, the exception to Heck set forth in Nonnette does not apply here. See Guerrero, 432 F.3d at 704 (declining to extend Nonnette exception to § 1983 action implicating conviction on which plaintiff no longer in custody).

---

[1] One such collateral consequence is present in this case, namely, plaintiff's continued detention, based on his conviction, under the SVPA.

3

Finally, plaintiff argues that, if <u>Heck</u> applies to this case, the complaint should be construed as a "complaint for relief in the form of a writ of error coram nobis under and pursuant to the all writs statute, 28 U.S.C. § 1651(a)." District courts are not authorized to issue the writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a), with respect to challenges to state convictions. <u>See</u> <u>Sinclair v. Louisiana</u>, 679 F.2d 513, 513-15 (5th Cir. 1982); <u>see</u> <u>also</u> <u>Madigan v. Wells</u>, 224 F.2d 577, 578 n.2 (9th Cir. 1955). As a result, a writ of error coram nobis is not available to plaintiff with respect to his 1991 state court conviction.[2]

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED without prejudice. <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995) (holding claim barred by <u>Heck</u> may be dismissed sua sponte without prejudice under 28 U.S.C. §1915).

Plaintiff's application to proceed in forma pauperis is hereby GRANTED, and, in light of the dismissal, no fee is required.

In light of the dismissal, the motion for appointment of counsel is hereby DENIED.

The Clerk shall close the file and terminate Docket Nos. 2 and 5.

IT IS SO ORDERED.

DATED: June 13, 2007

                                                _____
MAXINE M. CHESNEY
United States District Judge

---

[2] In addition, it would appear, based on the allegations in the complaint, that the complaint is untimely. A California inmate has a maximum of four years to bring a § 1983 claim for damages: the two-year period under California Code of Civil Procedure § 335.1 plus, under California Code of Civil Procedure § 352.1(a), a period not to exceed two additional two years during which accrual is postponed due to the disability of imprisonment. <u>See</u> <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004); <u>see also</u> <u>Jones v. Blanas</u>, 393 F.3d 927-28 (9th Cir. 2004) (holding limitations period not tolled for civil detainees). The events alleged in the instant complaint occurred approximately 16 years ago, suggesting the statute of limitations has long since expired.