UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

MICHAEL B. WILLIAMS,

  Plaintiff - Appellant

v.

ROBERT WAGGENER; CORY STEPHENS; MURLENE JOHNSON; CITY AND COUNTY OF SAN FRANCISCO,

  Defendants - Appellees

No. 07-16170
D.C. No. CV-07-02557-MMC

**MANDATE**

The judgment of this Court, entered 03/25/2008, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

/S/

By: Theresa Benitez
Deputy Clerk

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## United States Court of Appeals for the Ninth Circuit

**Notice of Docket Activity**

The following transaction was entered on 04/30/2008 at 3:33:46 PM PDT and filed on 04/30/2008
**Case Name:** Williams v. Waggener, et al
**Case Number:** 07-16170
**Document(s):** Document(s)

**Docket Text:**
MANDATE ISSUED.(WCC, TGN and CTB)

The following document(s) are associated with this transaction:
**Document Description:** Mandate Letter
**Original Filename:** /opt/ACECF/live/forms/theresab_0716170_6518192_MandateForm_108.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1106763461 [Date=04/30/2008] [FileNumber=6518192-0]
[70aec050320cecfef59a554166560fe911c0f8cfabf4e6b6e28d4d7567a617f9f265449fc256ff233a889882f
**Recipients:**

- USDC, San Francisco
- Williams, Michael B.

**Notice will be mailed to:**

USDC, San Francisco
Northern District of California (San Francisco)
P.O. Box 36060
San Francisco, CA 94102-0000

Williams, Michael B.
CSH - COALINGA STATE HOSPITAL
P.O. Box 5000
Coalinga, CA 93210-5000

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 6518192
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 5603109

https://ecf.ca9.circ9.dcn/cmecf/servlet/ShowDoc/00916510527&type=n-html                04/30/2008

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2008

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>ROBERT WAGGENER; CORY STEPHENS; MURLENE JOHNSON; CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendants - Appellees. | No. 07-16170<br><br>D.C. No. CV-07-02557-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted March 18, 2008[**]

Before: CANBY, T. G. NELSON, and BEA, Circuit Judges

Michael B. Williams appeals pro se the dismissal without prejudice,

pursuant to 28 U.S.C. § 1915A(b), of his 42 U.S.C. § 1983 action seeking damages

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

from his defense attorney and other defendants for his confinement on a 1991 conviction. Williams contends that the district court erred in determining that his claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and, alternatively, under applicable statutes of limitations. He also contends that the district court erred in holding that it lacked authority to construe his complaint as a coram nobis petition. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim under § 1915A(b). *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). We affirm the district court's judgment.

Williams claims that his appointed defense attorney committed malpractice and negligence; the crime victim, the prosecution, and the City and County of San Francisco violated his constitutional rights in his prosecution; the defendants conspired to violate his constitutional rights; he was falsely imprisoned; and the City and County were negligent and committed malicious prosecution and abuse of process in his 1991 rape conviction. He has finished serving his sentence and is civilly detained as a sexually violent predator. His federal habeas corpus petition challenging the rape conviction was filed in 2003 and was dismissed as untimely under 28 U.S.C. § 2244(d).

2

Williams contends that the district court erred in determining that his claims were barred under *Heck v. Humphrey*, which holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). He argues that the unavailability of habeas corpus nonetheless allows his suit. We disagree; the unavailability of habeas corpus is due to Williams's failure timely to pursue this remedy. *See Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006).

Williams also contends that the district court should have construed his complaint as a coram nobis petition. We affirm the district court's holding that it lacked authority to issue a writ of error coram nobis with respect to a state court conviction. *See United States v. Crowell*, 374 F.3d 790, 794 (9th Cir. 2004).

**AFFIRMED.**